UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HILLARY WALLS-STEWART,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET GILBERT, G. STEVEN HAMMOND, DAN PACHOLKE, ERIN LYSTAD, SARA SMITH, RICHARD MORGAN, JOHN/JANE DOE,<br><br>　　　　　Defendants. | CASE NO. 3:16-CV-05584-BHS-DWC<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. The Court has reviewed Plaintiff Hillary Walls-Stewarts's Complaint and concludes Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g). However, Plaintiff has shown she is under imminent danger of serious physical injury and therefore the three-strikes rule does not apply. Accordingly, the Court grants Plaintiff's Motion to Proceed *In Forma Pauperis* (IFP).

**BACKGROUND**

Plaintiff Hillary Walls-Stewart, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"), filed a Motion to Proceed IFP ("Motion") in this civil rights action on July 1, 2016. Dkt.1. Plaintiff alleges Defendants have delayed in providing her with a CPAP machine for her obstructive sleep apnea in violation of her Eighth Amendment rights. Dkt. 1-1.

**DISCUSSION**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

**I.      Strikes Under 28 U.S.C. 1915(g)**

A review of court records from this District shows at least three of the cases Plaintiff filed while incarcerated were dismissed for failure to state a claim.[1]

Plaintiff filed *Walls v. Pierce County Jail*, (Case No. 3:03-CV-5470-RJB W.D. Wash., Dec. 4, 2003) while incarcerated in the Pierce County Jail. During the screening process, this case was dismissed without prejudice for failure to state a claim upon which relief could be granted. As this case was dismissed for failure to state a claim, *Walls v. Pierce County Jail* is Plaintiff's first strike.

During her incarceration at the Washington Corrections Center, Plaintiff filed *Walls v. Pastor, et al.*, (Case No. 3:12-CV-5183-RBL, W.D. Wash., Nov. 5, 2012). The case was dismissed with prejudice for failure to state a claim. The dismissal in *Walls v. Pastor, et al.* constitutes Plaintiff's second strike.

Plaintiff filed *Walls-Stewart v. Tacoma General Hospital*, (Case No. 3:12-CV-5468-BHS, W.D. Wash., June 28, 2012) when she was incarcerated at the Washington State Penitentiary. This case was dismissed without prejudice during the screening process for Plaintiff's failure to state a claim upon which relief could be granted. Plaintiff received her third strike when *Walls-Stewart v. Tacoma General Hospital* was dismissed.

---

[1] After reviewing court records, including comparing prisoner identification numbers, the Court concludes Plaintiff has filed lawsuits under the names Hillary Walls, Hillary Lee Walls, and Hillary Walls-Stewart.

1   While incarcerated Plaintiff brought at least three actions which were frivolous,
2  malicious, or failed to state a claim; therefore, she is barred from proceeding IFP in this action
3  unless she can show she is exempt from the three-strikes rule because she is under imminent
4  danger.

5   **II.     Imminent Danger Exception**

6   The three-strikes rule does not apply if "the prisoner is under imminent danger of serious
7  physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based
8  on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The
9  imminent danger exception requires a prisoner allege a danger which is "ready to take place" or
10 "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth
11 Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to
12 interpret the imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th
13 Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the
14 threat to her is real and proximate. *Cervantes*, 493 F.3d at 1053 (*citing Lewis v. Sullivan*, 279
15 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

16   Plaintiff alleges her constitutional rights are being violated because she is being denied
17 adequate medical treatment. Dkt. 1-1. Specifically, Plaintiff states she has been diagnosed with
18 obstructive sleep apnea which, when uncontrolled, exacerbates her heart condition. *Id.* at p. 7.
19 Plaintiff has been prescribed a CPAP machine to assist her with her breathing while sleeping;
20 however, Defendants have failed to provide Plaintiff with the CPAP machine. *Id.* pp. 6-8.

21   Plaintiff has sufficiently alleged a danger which is "ready to take place" or "hanging
22 threateningly over [her] head." *Cervantes*, 493 F.3d at 1056. She alleges Defendants continue to
23 deny her a CPAP machine resulting in an exacerbation of her heart condition. Plaintiff has
24

1 therefore shown the imminent danger exception applies in this case, and Plaintiff is exempted

2 from the three-strikes rule. *See Allah v. Gramiak*, 2013 WL 3772508, *2 (M.D. Ga. July 16,

3 2013) (finding the plaintiff's medical condition and lack of a working CPAP machine may

4 constitute imminent danger of serious physical injury and granting the motion to proceed IFP).

## CONCLUSION

6       The Court grants Plaintiff's Motion to Proceed IFP as Plaintiff has shown imminent

7 danger to overcome her three strikes. If Defendants dispute the Court's finding that Plaintiff is in

8 imminent danger, Defendants may raise the argument in their responsive pleadings and the Court

9 will revisit the issue.

10       As Plaintiff's Motion to Proceed IFP is granted, the Court orders as follows:

11       (1) Plaintiff's declaration indicates she is unable to afford the Court's filing fee or

12 give security therefore. As set forth below, an initial partial filing fee will be collected, and

13 Plaintiff is thereafter required to make monthly payments of 20 percent of the preceding month's

14 income credited to her account until the full amount of the filing fee is satisfied.

15       (2) Pursuant to 28 U.S.C. § 1915, and Plaintiff's approved application to proceed *in*

16 *forma pauperis*, the agency having custody of the above-named Plaintiff is directed to calculate

17 an initial partial filing fee equal to 20 percent of the greater of either: (a) the average monthly

18 deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account

19 for the 6-month period immediately preceding the date of this Order. The initial partial filing fee

20 should be forwarded to the Clerk of Court as soon as practicable.

21       Subsequently, if the prisoner's account exceeds $10.00, each month the agency having

22 custody of the prisoner is directed to collect and forward payments equal to 20 percent of the

23 prisoner's preceding month's income credited to the prisoner's account. In the event that the

24

1 | monthly payment would reduce the prisoner's account below $10.00, the agency should collect

2 | and forward only that amount which would reduce the prisoner's account to the $10.00 level.

3 | Please note this $10.00 limit does not apply to the initial partial filing fee described above.

4 | Finally, the monthly payments should be collected and forwarded to the Court until the entire

5 | filing fee ($350.00) for this matter has been paid.

6 |     (3)    The Clerk is directed to send a copy of this Order to Plaintiff, to the financial

7 | officer of this Court, and to the agency having custody of Plaintiff.

8 |     Dated this 26th day of July, 2016.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge

ORDER GRANTING MOTION TO PROCEED IN
FORMA PAUPERIS - 6