UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS-STEWART,

    Plaintiff,

v.

MARGARET GILBERT, G. STEVEN HAMMOND, DAN PACHOLKE, ERIN LYSTAD, SARA SMITH, RICHARD MORGAN, JOHN/JANE DOE,

    Defendants.

CASE NO. 3:16-CV-05584-BHS-DWC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

    The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Hillary Walls-Stewart's Motion for the Appointment of Counsel ("Motion"). Dkt. 32.[1] No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in

---

[1] Also pending in this action is Plaintiff's "Motion to Seal Plaintiff Reply for Appointment of Counsel," which is ready for the Court's consideration on October 21, 2016. *See* Dkt. 38.

"exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate h[er] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing she has an insufficient grasp of her case or the legal issues involved and an inadequate ability to articulate the factual basis of her claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion and Reply, she states appointed counsel is necessary because her claims have merit, the issues involved in her case are complex, she is uneducated, she has limited access to legal materials, and she suffers from mental health problems. Dkt. 32, 40. Plaintiff also states her case will likely require expert witnesses and depositions of numerous witnesses. Dkt. 32. At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. *See* Dkt. 16. Plaintiff has also not shown an inability to articulate the factual basis of her claims in a fashion understandable to the Court or shown she is likely to succeed on the merits of her case. The Court notes Plaintiff has adequately articulated her claims in a Complaint and an Amended Complaint, and has filed several additional motions and responses which were understandable to the Court. *See e.g.* Dkt. 6, 11, 16, 23, 24, 27. Further, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties

encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Accordingly, Plaintiff's Motion is denied without prejudice.

The Court notes Plaintiff's Motion to Strike the Declaration of Mary Fisher ("Motion to Strike") is still docketed as a pending motion. *See* Dkt. 24. The Court denied Plaintiff's Motion to Strike in the September 21, 2016 Report and Recommendation. Dkt. 33, fn. 2. Therefore, the Clerk is directed to correct the docket to reflect the Motion to Strike has been denied.

Dated this 18th day of October, 2016.

David W. Christel
United States Magistrate Judge