UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS-STEWART,

    Plaintiff,

v.

MARGARET GILBERT, G. STEVEN HAMMOND, DAN PACHOLKE, ERIN LYSTAD, SARA SMITH, RICHARD MORGAN, JOHN/JANE DOE,

    Defendants.

CASE NO. 3:16-CV-05584-BHS-DWC

ORDER GRANTING MOTION TO SEAL

    The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Hillary Walls-Stewart's "Motion to Seal Plaintiff Reply for Appointment of Counsel" ("Motion"). Dkt. 38.[1] Plaintiff requests the Court seal medical records filed in support of her Motion for Appointment of Counsel. *See id.*; Dkt. 39, 49.[2] Defendants filed a Response requesting the Court deny the

---

[1] The Court denied Plaintiff's Motion for Appointment of Counsel on October 18, 2016. Dkt. 46. Also pending before the undersigned is Plaintiff's Motion to Amend, which is ready for the Court's consideration on November 18, 2016. *See* Dkt. 50.

[2] Plaintiff's documents are currently filed under seal pending this Court's ruling on the Motion.

ORDER GRANTING MOTION TO SEAL - 1

1 | Motion because Plaintiff did not provide a legal basis for the request and did not attempt to
2 | eliminate the need to file documents under seal. Dkt. 44.

3 |      The Ninth Circuit starts with a strong presumption in favor of access to court records.
4 | *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995). However, records attached to
5 | nondispositive motions are not subject to the strong presumption. *See Kamakana v. City & Cnty.*
6 | *of Honolulu,* 447 F.3d 1172, 1179 (9th Cir.2006). Because the documents attached to
7 | nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause
8 | of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of
9 | the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted).

10 |      The "good cause" standard requires a "particularized showing" that "specific prejudice or
11 | harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors*
12 | *Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.2002) (internal quotation marks omitted); *see*
13 | Fed.R.Civ.P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of
14 | articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476
15 | (9th Cir.1992). "The mere fact that the production of records may lead to a litigant's
16 | embarrassment, incrimination, or exposure to further litigation will not, without more, compel
17 | the court to seal its records." *Kamakana*, 447 F.3d at 1179.

18 |      Here, Plaintiff argues she does not want the documents made public because the
19 | documents are mental health treatment records. Dkt. 38. She contends the records are only
20 | related to her need for court-appointed counsel and are not related to the underlying medical
21 | conditions raised in the Complaint. Dkt. 49. As the documents contain mental health treatment
22 | records and are unrelated to the underlying medical conditions, the Court finds good cause to
23 | seal the documents. *See Alexander v. Boeing Co.*, 2013 WL 5701432, *4 (W.D. Wash. Oct. 18,
24 |

1 | 2013) (finding good cause when the documents were medical records); *Mubita v. Blades*, 2015
2 | WL 2064476, *4 (D. Idaho May 4, 2015) (sealing medical records containing information about
3 | a petitioner's spouse). Accordingly, Plaintiff's Motion is granted. Plaintiff's medical records
4 | (Dkt. 39) will remain sealed at this time. If Plaintiff attempts to use these medical records (Dkt.
5 | 39) to support her underlying claims, the Court may un-seal the medical records.

Dated this 15th day of November, 2016.

[signature]
David W. Christel
United States Magistrate Judge